UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **FREDERIC LUBRON BIRGANS**<br>    **LA. DOC # 564392** | **CIVIL ACTION NO. 3:12-cv-2568** |
| | **SECTION P** |
| VS. | |
| | **JUDGE DONALD E. WALTER** |
| **WARDEN JOHNNY SUMLIN** | **MAGISTRATE JUDGE HAYES** |

**ORDER**[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a "Motion for the State to Provide the Entire Record," [doc. # 41], and a "Motion for Extension of Time to File [a] Rebuttal," [doc. # 45], filed by *pro se* Petitioner Frederic L. Birgans. Respondent does not oppose the Motions. For the reasons stated below, the Motion to provide the state court record, [doc. # 41], is **GRANTED** and the Motion for an extension of time, [doc. # 45], is **GRANTED IN PART**.

**I. Motion to Provide the State Court Record**

On April 8, 2014, the Court ordered Respondent to file an answer, a memorandum brief of law, a certified copy of the state court record, a certified copy of all documents filed in connection with any appeal or application for post-conviction relief, and certified copies of all state court dispositions. [doc. # 24, p. 4-6]. As a condition to the Clerk's acceptance of the filings, the Court ordered Respondent to "include a certificate indicating that a copy thereof has been furnished to [Petitioner]." *Id.* at 6.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On June 24, 2014, Respondent complied with the Court's Order to file the entire state court record, but Respondent failed to provide Petitioner with a copy. In fact, Respondent filed a letter stating that it did not send Petitioner a copy of the record because it "was uncertain as to whether the Court expected a paper copy served upon [Petitioner] of the entire record." [doc. # 32-2]. Respondent further stated that it "can forward [Petitioner] one in electronic form either on a disc or thumb drive or paper copy if you so order." *Id.*

Petitioner filed the instant Motion on July 3, 2014. [doc. # 41]. He claims that he has not received a copy of the state court record and that, without that record, he is unable to prepare an effective response. *Id.* at 2. He therefore asks the Court to order Respondent to send him a paper copy of the entire record. *Id.* Upon consideration, Petitioner's Motion is **GRANTED**.

**IT IS HEREBY ORDERED** that Respondent, **within fourteen (14) days** of the date of this Order **(i.e. by September 2, 2014)**, provide Petitioner with a paper copy of the entire record.

**IT IS FURTHER ORDERED** that, immediately upon furnishing Petitioner with the entire record, Respondent shall file a certificate indicating that it has furnished the documents accordingly.

II. Motion for an Extension of Time

Petitioner's Response was due on August 14, 2014. [*See* doc. # 37]. Petitioner submits that he has been unable to prepare a response because he "has been transferred many times attempting to gain meaningful access to an adequate law library." [doc. # 45, p. 1]. Although he is now housed in a facility with an adequate law library, he submits that he is currently unable to utilize the library because he is in "lockdown." *Id.* at 2. According to Petitioner, "all new

arrivals must serve 6 to 10 weeks in lockdown . . . where there is no access to anything." *Id.* Consequently, he asks the Court to grant him an "undetermined amount of time" in which to respond, or "until such time as DWCC officials remove[] him from lockdown and place[] him into normal inmate population . . . ." *Id.* at 1, 3. While Petitioner's argument regarding his need for an extension due to his being placed in administrative segregation upon arrival at a new facility is reasonable, the court is not inclined to grant an indefinite extension, and finds that he has not adequately supported a need for same. However, the undersigned finds that it would be unreasonable to require the Petitioner to respond to the Respondent's answer before being provided with a copy of the state court record. Therefore,

**IT IS HEREBY ORDERED** that Petitioner's motion for an extension of time [doc. # 45] is **GRANTED to the following extent**: Petitioner's deadline to file his response is hereby extended to **twenty-one (21) days** following the filing of the State's certificate of service as referenced above.

In Chambers, Monroe, Louisiana, this 19th day of August, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

3